UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (606) 548-3083, WITH VERIZON COMMUNICATIONS | Case No. 5:23-MJ-5064<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Matthew Mann, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (606) 548-3083, (the "Target Cellular Device"), which is described in Attachment A.

2.  I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am a Senior Special Agent with the U.S. Secret Service, and have been since June 2000. I currently investigate threats made against the President of the United States, the Vice President of the United States, their families, and former Presidents of the United States as a member of the Lexington Resident Office. I have investigated

presidential, vice presidential and former president threat case for over 20 years and specialize in the assessment of risk of harm to protectees of the U.S. Secret Service. In my experience, many of the threats towards protectees of the U.S. Secret Service are posted via social media platforms such as Twitter and Facebook. Subsequently, experience has shown cellular phone usage to be prevalent in the posting of these threats.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that Randy William Boone has committed, is committing, and will commit violations of federal criminal law including 18 U.S.C. § 879 (threats against former Presidents) and 18 U.S.C. § 875(c) (threatening communications). There is also probable cause to believe that the location of the Target Cellular Device will constitute evidence of those criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

5. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. A previous warrant for location information, obtained from the U.S. District Court for the Eastern District of Kentucky, was served on Verizon Communications on February 24, 2023. The results of that warrant thus far have

revealed the cellular phone associated with the number (606) 548-3083 is located in Ashland, Kentucky. Specifically, the latitude and longitude coordinates from the early morning hours of February 25, 2023, are N38.47419, W82.63342, which resolves to a location near the intersection of Carter Avenue and 22nd Street in downtown Ashland, Kentucky. There is a Salvation Army Emergency Shelter located at that intersection – with a specific address of 2212 Carter Ave, Ashland, KY 41101.

6. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

8. On January 16, 2023, an individual utilizing the handle @randyboone747, posted the following on social media platform Twitter, "Biracial Obama for you a door until the death to shoot your dad or you shoot me Secret Service. I will kill Barack Hussein Obama until death in a field of battle. For the honor you took from a woman and a little girl until the death. Commander in Chief".

9. On February 21, 2023, an individual utilizing the handle @randyboone747, posted the following on Twitter, "I am back to my way to Washington DC I think we'll see you soon it's going to Assassin when I get to Washington DC.  United States Secret Service are going to kill me.  SS officers Hitler SS sales for Secret Service Barack Obama.  I hope you kill me".

10. On February 22, 2023, the U.S. Secret Service obtained subscriber information from Twitter associated with the handle @randyboone747, pursuant to legal process.  That subscriber information established that the handle was associated with the Target Cellular Device number of (606) 548-3083, which is provided service by Verizon Communications.

11. Affiant reviewed publicly available content associated with Twitter handle @randyboone747, which included photographs of an individual.  Affiant visually compared these photographs to Randy William Boone's driver's license photograph and confirmed that they were the same individual.

12. Affiant contacted phone number (606) 548-3083 on February 23, 2023.  Randy William Boone answered the call, confirming that he is the user of the Target Cellular Device.  In that conversation, Boone refused to disclose his location and admitted to making threats toward President Obama.  Boone also asserted a belief that it was a mistake to make the threats and maintained that he did not intend to harm anyone.

13. Based upon the information provided, there is probable cause to monitor the Target Cellular Device, utilizing the number (606) 548-3083 belonging to Randy William Boone for the next thirty days.

14. As noted in paragraph (6) above, the cellular phone associated with (606) 548-3083 is currently pinging to a location with coordinates of N38.47419, W82.63342, which resolves to the intersection of Carter Avenue and 22nd Street in downtown Ashland, Kentucky.

## MANNER OF EXECUTION

15. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

16. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of

the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

17. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

19.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

21.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

22. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

/s/ Matthew L. Mann
Matthew L. Mann
Senior Special Agent
United States Secret Service

Attested to by applicant per Fed. R. Crim. P. 4.1 by reliable electronic means on this 25th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE